

**ORDERED in the Southern District of Florida on April 8, 2015.**

Robert A. Mark, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re: | CASE NO. 14-31097-RAM |
| | CHAPTER 13 |
| DELOIS GRAY, | |
| Debtor. | |

ORDER GRANTING IN PART
MOTION TO VALUE AND SETTING FURTHER HEARING

Prior to filing her chapter 13 petition which initiated this case, the Debtor inherited a home previously owned and occupied by her mother. The Debtor was living in the home at the time of filing and her claimed homestead exemption is not

contested. The home is encumbered by a reverse mortgage that became due prepetition when the Debtor's mother died. The issue before the Court is whether the Debtor may file a motion to value that seeks to bifurcate the reverse mortgage claim into a secured and unsecured portion and treat the holder of that mortgage in a chapter 13 plan. The Court's holding is "yes" to both questions.

The issues were presented in the Debtor's Motion to Value and Determine Secured Status of Lien on Real Property (the "Motion to Value") [DE# 49], and on Champion Mortgage Company's Motion for Relief from Stay (the "Stay Relief Motion") [DE# 49]. Following a preliminary hearing on February 10, 2015, on the Motion to Value and Stay Relief Motion, the Court entered a scheduling Order requiring further briefing and setting a further hearing on March 31, 2015.

After considering the memoranda filed by the Debtor and by Champion Mortgage, and the arguments presented at the March 31st hearing, the Court announced the following findings and conclusions on the factual and legal issues relevant to the two motions:

A. The reverse mortgage held by Champion Mortgage came due upon the death of the Debtor's mother, the borrower under the mortgage. The Debtor is now the owner of the property and

2

claims it as her homestead on schedule C of her bankruptcy petition [DE #27].

    B.   Because the reverse mortgage became due by its terms prior to the petition date, 11 U.S.C. §1322(c)(2) applies and the Debtor may modify the reverse mortgage consistent with the requirements of 11 U.S.C. §1325(a)(5).  *See In re Brown*, 428 B.R. 672 (Bankr. D.S.C. 2010) (finding that a reverse mortgage on the debtor's home could be modified based on the §1322(c)(2) exception to the anti-modification restrictions in §1322(b)(2)). Other courts have reached the same conclusion. *See Fed. Nat'l Mortg. Ass'n v. Griffin (In re Griffin)*, 489 B.R. 638, 642–43 (Bankr. D. Md. 2013); *In re Wilcox*, 209 B.R. 181, 183 (Bankr. E.D.N.Y. 1996).

    C.   In addition to paying the mortgage over the life of the plan, the Debtor may strip down the secured claim to the value of the property as of the filing date.  *American General Finance, Inc. v. Paschen (In re Paschen)*, 296 F.3d 1203 (11th Cir. 2002) (When a mortgage on a debtor's principal residence is governed by §1322(c)(2), that mortgage debt may be bifurcated, with the secured claim portion reduced to the value of the property. That secured portion may then be treated under § 1325(a)(5)). *See also 8 Collier on Bankruptcy*, ¶1322.17 (16th ed., 2013)("[T]he plain language of this provision [§1322(c)(2)]

3

permits the modification of a claim on such a home mortgage through the bifurcation of that claim into secured and unsecured components").

    D.    The Debtor has standing to treat the bifurcated mortgage in her chapter 13 plan even though she has no personal liability to Champion Mortgage. *See Johnson v. Home State Bank*, 501 U.S. 78 (1991).

    F.    The Court rejects the Debtor's argument that pursuant to HUD regulations she can reduce the amount of Champion Mortgage's claim down to 95% of the fair market value of the property.

Based upon these findings, the only remaining issue is the value of the property on the filing date. Therefore, it is –

    **ORDERED** as follows:

    1.    The Stay Relief Motion is denied without prejudice.

    2.    The Court will conduct a further preliminary hearing on the Motion to Value on **May 5, 2015** at **11:30 a.m.** at the U.S. Bankruptcy Court, C. Clyde Atkins United States Courthouse, 301 North Miami Avenue, Courtroom 4, Miami, FL 33128.

    3.    If Champion Mortgage contests the Debtor's $45,000 valuation, it shall obtain an appraisal by <u>May 1, 2015</u> and furnish a copy of Debtor's counsel.

                          ###

COPIES TO:

Janet C. Tacoronte, Esq.
7900 Oak Lane, Suite 400
Miami Lakes, FL 33016

Barry Turner, Esq.
Trade Centre South, Suite 700
100 West Cypress Creek Road, Suite 700
Fort Lauderdale, FL 33309

Nancy K. Neidich, Trustee